The PRESIDENT.
The question is, whether the judge misdirected the jury upon both, or either of the points submitted to his opinion. If he did, then the verdict must be set aside, and a new trial awarded. A majority of the court are of opinion, that it was not a misdirection. Mr. Marshall’s argument, *drawn from a critical examination of the declaration, plea, and verdict, would prove too'much, and that gentleman knows the consequence. Eor it goes to shew, that the defendant must not only be in possession at the time of the writ issued, but that it must continue in him to the time of the plea, and indeed to the time of the verdict, all of them being in the present tense. The plea is the general issue, and leaves the whole merits of the case to be brought forward upon the trial.
We come next to inquire what is necessary for the plaintiff to prove in this action? The books agree that he must prove a title in himself, and possession in the defendant ; but as to the time at which the possession should appear to have been in him, whether at the date of the writ, or whether an anterior possession would be sufficient, the cases are totally silent.- — This court agrees with the District Judge in declaring that the latter is sufficient, for otherwise the plaintiff might by contrivance be kept in a perpetual round of suits without effect. Thus A. finds B. in possession of his slaves which are refused to be delivered; he sets off to the clerk’s office perhaps at a considerable distance for a writ. B. knowing of this, takes a witness to prove the delivery of possession to C. before the writ can issue ; upon the trial, and after a tedious prosecution of the suit, this fact is made to appear, and A is defeated. He then sues C. who plays the same game, and so on, as often as persons can be found to take part in the fraud. This can never be right, and proof of possession prior to the suit’ ought to charge the defendant, unless he be legally evicted, which it is incumbent upon him to shew.
As to the next question which arises from an objection to the plaintiff’s title, it requires very little consideration. It is true, that a testator should be just before he is bountiful; but if he can be both, who is to restrain him?. And who is the proper judge of this ability, but his legal representatives, who by delivering up a specific legacy, acknowledge that ability in their testator. — After the assent of the executor, the legal property is completely vested in the legatee, and cannot at law be divested by the creditors. The creditors have a double remedy 1st, against the executors at law, in which case the executors have their remedy in equity against the legatees, to compel them to refund; or 2dly, the creditors may in equity pursue the estate in the hands of the legatees; and in either case, all the legatees must be made parties, that the charge may not fall upon one, but may be equally borne by the whole. But if this direct mode against a particular legatee were permitted, it *would put it in the power of the creditor, to mark out the person who should in the first instance sustain the whole weight.
But a doctrine still more extraordinary was contended for at the bar: That the owner of the slaves in question lost his right thereto, by the seizure and sale of the coroner. Some of the cases, which were cited in support of this position, directly contradict it, and the others, such as Mathew Manning’s case, only state, that where a judgment is reversed, the execution and sale under it, shall not be avoided, having been lawfully made, under authority ; but that the party aggrieved shall be restored, not to the property, but to the money arising from the sale. But if an execution issue against the goods of A. and the sheriff seize and sell the property of B, will it be said that this is done by lawful authority, as in the other case? Surely not.
Judgment affirmed.